IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL ALEXANDER, on behalf of
himself and all others similarly situated,

            Plaintiff,              Civil Action No.:

      v.                   CLASS ACTION

CERTEGY CHECK SERVICES,
INC.                          JURY TRIAL DEMANDED

            Defendant.
_____/

## CLASS ACTION COMPLAINT
## AND DEMAND FOR JURY TRIAL

Plaintiff, MICHAEL ALEXANDER, by and through his undersigned attorneys, bring this Class Action Complaint against the Defendant CERTEGY CHECK SERVICES, INC. (hereafter referred to as "CERTEGY") and alleges as follows:

### INTRODUCTION

1.     This is a class action brought pursuant to Federal Rule of Civil Procedure 23 seeking monetary and injunctive relief for the individual Plaintiffs and the class he represents consisting of all persons in the United States who tendered a check to a merchant as payment for goods or services to be used primarily for personal, family, or household purposes and whose check was declined authorization by Certegy Check Services, Inc.

2.     This consumer class action arises from Certegy's failure to maintain reasonable procedures to ensure the accuracy of consumer information it provides to merchants to whom it makes check authorization recommendations and failure to follow proper dispute procedures to

1

allow consumers whose checks are denied to exercise their statutory right to dispute the accuracy of the information upon which the decision to decline their checks is based.

## PARTIES

3.     Plaintiff, Michael Alexander, is a Florida resident.

4.     Defendant, Certegy Check Services, Inc., is a Florida corporation with its principal place of business in St. Petersburg, Florida.  Certegy is one of the largest check authorization service companies in the United States.

## JURISDICTION AND VENUE

5.     This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331(d)(2) in that this is a civil action arising under the laws of the United States.

6.     Venue is proper pursuant to 28 U.S.C. §1391 in that the acts alleged herein, and upon information and belief, violate the Stipulated Final Judgment, and Order for Civil Penalties, Permanent Injunction and Other Equitable Relief Defendant entered into in this District between Defendant and the Federal Trade Commission (*United States of America v. Certegy Check Services, Inc.*, Case No. 1:13-cv-01247, (D.D.C. August 15 2013). See, https://www.ftc.gov/sites/default/files/documents/cases/2013/08/130815certegyorder.pdf

## ALLEGATIONS COMMON TO ALL COUNTS

7.     Certegy is a one of the largest check authorization service companies in the United States, delivering check authorization services to a wide variety of businesses and financial institutions throughout the country.  Certegy provides check authorization services to merchants that accept checks as a form of payment in stores, online, over the phone and through the mail. According to Certegy's website, its merchant clients rely on Certegy to help them accept checks from customers with confidence that the checks are not fraudulent.

8.     Certegy's decisions whether to recommend authorization of a check take into account the consumers' identification provided at the point of sale, any unpaid debts in the form of previous returned checks, and a variety of risk factors bearing on the likelihood that a check will be returned unpaid by the consumer's financial institution.

9.     Certegy is a "consumer reporting agency" as defined by the Fair Credit Reporting Act, 15 U.S.C. 1681a(f), in that Certegy, for monetary fees or dues, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties.

10.     The information furnished by Certegy to its merchant clients constitute "consumer reports" as defined by the Fair Credit Reporting Act, 15 U.S.C. 1681a(d) in that the information communicated by Certegy to its merchants bears on consumers' credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living and is used or expected to be used or collected for the purpose of serving as a factor in establishing the consumer's eligibility for credit to be used primarily for personal, family or household purposes.

11.     The Fair Credit Reporting Act, 15 U.S.C. § 1681e(b), requires consumer reporting agencies to follow reasonable procedures to assure the maximum possible accuracy of the information concerning the individual about whom the report relates.

12.     Certegy routinely and systematically fails to follow reasonable procedures to assure the maximum possible accuracy of consumer report information by, *inter alia*, failing to adequately track the handling of consumer disputes, failing to promptly delete inaccurate or unverifiable information from its consumer reports, and retaining and reporting inaccurate consumer report information in its consumer files.

13.     Certegy also routinely and systematically fails to follow the procedures set forth under section 1681i of the FCRA when consumers dispute the accuracy of information contained in their files maintained by Certegy by, *inter alia*, failing to conduct reasonable and timely reinvestigations of disputed information, failing to promptly delete inaccurate or unverifiable information from its consumer reports, by failing to maintain reasonable procedures to prevent the reappearance of deleted information in consumers' files, and by failing to promptly provide to consumers notice of the results of its reinvestigations.

14.     Certegy is a "nationwide specialty consumer reporting agency" as defined by section 1681a(x) of the FCRA in that Certegy is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis relating to the check writing history of consumers throughout the United States.

15.     As a nationwide specialty consumer reporting agency, Certegy is required to maintain a streamlined process for requesting free annual file disclosures. 16 C.F.R. § 610.3, recodified at 12 C.F.R. § 102.137.

16.     Certegy routinely and systematically fails to maintain a streamlined process for consumers to request free annual file disclosures as required by the FCRA by, *inter alia*, requiring consumers to provide more information than is reasonably necessary to properly identify them in order to provide their annual file disclosure and failing to provide timely disclosure of consumers' annual files.

## PLAINTIFFS' FACTUAL ALLEGATIONS

17.     On or about May 15, 2014, Plaintiff attempted to purchase a washer and dryer from a Lowe's Home Improvement store.  He tendered a personal check in the amount of $1,352.78 as payment for his purchase.

18.     Plaintiff's check was declined by Certegy's check authorization system.

19.     Plaintiff called Certegy to determine why his check had been declined.   The Certegy representative informed Plaintiff that his check had been declined by Certegy's computer based model and due to information they had on Plaintiff, but refused to give Plaintiff a reason for the declination of his check.

20.     Certegy's website allows consumers whose checks have been declined to enter information (the transaction date, check number and purchase amount) to determine why the check was declined.   When this information is input with regard to the check tendered by Plaintiff, the following statement is provided by Certegy:

> Thank you for your patience while your transaction was researched.   The transaction was processed correctly and is not a result of negative information. When a check is presented, the transaction goes through Certegy's computer based models. Each transaction is reviewed for patterns that might appear different to a customer's normal check writing habits such as the location of the transaction, check series, dollar amount and check writing history. This is in addition to the security guidelines that are set in place for each particular merchant on our service. We regret any inconvenience this may have caused. What we can recommend is you use another form of payment at this time such as a debit or credit card, or cash.   Please click here to download the free and confidential enrollment form for our Certegy VIP program. This free enrollment allows us to add your information to Certegy's VIP status. Although we cannot guarantee every check will be approved, the Certegy VIP will greatly reduce the chance of a decline.

21.     Certegy never provided Plaintiff with a specific reason for declining his check or the opportunity to dispute Certegy's decision to decline his check.

## CLASS ACTION ALLEGATIONS

22.     Pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3), Plaintiff brings this action on his own behalf and on behalf of all persons in the United States who tendered a check to a merchant as payment for goods or services to be used primarily for personal, family, or

household purposes and whose check was declined authorization by Certegy Check Services, Inc. (the "Class").

23.     Plaintiff also brings this action on  his own behalf and on behalf of all persons residing in Florida who tendered a check to a merchant as payment for goods or services to be used primarily for personal, family, or household purposes and whose check was declined authorization by Certegy Check Services, Inc. (the "Subclass").

24.     The members of the Class and Subclass are so numerous that joinder of all members is impracticable.  The Class is made up of thousands of members.  The precise number of Class and Subclass members can only be ascertained through discovery, which includes Defendant's records.  The disposition of their claims through a class action will benefit both the parties and this Court.

## COMMON QUESTIONS OF LAW AND FACT

25.     There is a well-defined community of interest in the questions of law and fact affecting the members of the Class.

26.     The questions of law and fact common to the Class predominate over questions which may affect individual members, and include but are not limited to the following:

a.     Whether Certegy is a consumer reporting agency under the FCRA;

b.     Whether the information furnished by Certegy to its merchant clients constitute consumer reports under the FCRA;

c.     Whether Certegy failed to follow reasonable procedures to assure the maximum possible accuracy of its consumer reports;

d.     Whether Certegy failed to follow the procedures required by FCRA when consumers dispute the accuracy of information contained in their files maintained by Certegy;

e.      Whether Certegy fails to maintain a streamlined process for consumers to request free annual file disclosures as required by the FCRA;

f.      Whether Class members are entitled to actual or statutory damages and if so, the appropriate amount thereof; and

g.      Whether Plaintiff and Class Members are entitled to injunctive relief.

27.    The questions of law and fact common to the Subclass predominate over questions which may affect individual members, and include but are not limited to the following:

a.      Whether Certegy's conduct in failing to follow reasonable procedures to assure the maximum possible accuracy of its consumer reports is unfair, deceptive, and/or unconscionable;

b.      Whether Certegy's conduct in failing to follow proper dispute resolution procedures reports is unfair, deceptive, and/or unconscionable;

c.      Whether Certegy's conduct in failing to maintain a streamlined process for consumers to request free annual disclosures of the information in their files is unfair, deceptive, and/or unconscionable;

b.      Whether Plaintiff and Subclass Members are entitled to injunctive relief; and

c.      Whether Plaintiff and Subclass Members have sustained monetary loss and the proper measure of that loss.

## TYPICALITY

28.    The claims and defenses of Mr. Alexander as the representative Plaintiff are typical of the claims and defenses of the Class and SubClass because Plaintiff and the Class and

Subclass members all attempted to tender checks to merchants who used Certegy's check authorization services and had their checks declined.

## ADEQUACY OF REPRESENTATION

29.    Mr. Alexander, as the representative Plaintiff, will fairly and adequately assert and protect the interests of the Class as:

        a.    Plaintiff has hired attorneys who are experienced in prosecuting class action claims and will adequately represent the interests of the Class; and

        b.    Plaintiff has no conflict of interest that will interfere with the maintenance of this class action.

## PREDOMINANCE

30.    Questions common to the Class predominate over those which only affect individual owners.   This case involves Certegy's systematic failure to follow reasonable procedures to assure the maximum possible accuracy of its consumer reports.   Liability will primarily be predicated upon the jury's evaluation of the reasonableness of procedures, if any, put in place by Certegy to assure the maximum possible accuracy of its consumer reports.

## SUPERIORITY

31.    A class action provides a fair and efficient method for the adjudication of controversy for the following reasons:

        a.    The common questions of law and fact set forth above predominate over any questions affecting only individual Class and Subclass members;

        b.    The Class and Subclass are so numerous as to make joinder impracticable. The Class and Subclass, however, are not so numerous as to create manageability problems. There are no unusual legal or factual issues which would create manageability problems;

c.     Prosecution of a separate action by individual members of the Class and Subclass would create a risk of inconsistent and varying adjudications against Defendant when confronted with incompatible standards of conduct;

d.     The claims of the individual Class and Subclass members are small in relation to the expenses of litigation, making a class action the only procedure in which Class and Subclass members can, as a practical matter, recover.

e.     A class action would be superior to and more efficient than adjudicating thousands of individual lawsuits.

## CAUSES OF ACTION

## COUNT  I -  NEGLIGENT VIOLATIONS OF FCRA
### (on behalf of the Class)

32.     Plaintiff asserts this claim on behalf of himself and the Class.

33.     Plaintiff reincorporates Paragraphs 1 through 31 as if fully set forth herein.

34.     Defendant was required pursuant to 15 U.S.C. § 1681e(b) to follow reasonable procedures to assure the maximum possible accuracy of information it maintained concerning Plaintiff and Class Members.

35.     Defendant negligently failed to adopt, maintain and follow reasonable procedures to assure the maximum possible accuracy of information it maintained concerning Plaintiff and Class Members.

36.     Defendant was required to follow the procedures set forth by 15 U.S.C. § 1681i when consumers dispute the accuracy of information contained in their files maintained by Defendant.

37.     Defendant negligently failed to follow the procedures required by FCRA when consumers dispute the accuracy of information contained in their files maintained by Defendant;

38.     Defendant is required under the FCRA to maintain a streamlined process for consumers to request free annual file disclosures as set forth in 16 C.F.R. § 610.3.

39.     Defendant negligently failed to maintain a streamlined process for consumers to request free annual file disclosures.

40.     Plaintiff and Class Members suffered harm as a result of Defendant's negligent violations of FCRA, including but not limited to damages caused by their inability to purchase goods or services for which their checks were declined and damages caused as a result of tendering an alternative form of payment.

41.     Plaintiff and Class Members are entitled to compensation for their damages as described above, and attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a).

## COUNT II - WILLFUL VIOLATION OF FCRA
### (on behalf of the Class)

42.     Plaintiff asserts this claim on behalf of himself and the Class.

43.     Plaintiff reincorporates Paragraphs 1 through 31 as if fully set forth herein.

44.      Defendant was required pursuant to 15 U.S.C. § 1681e(b) to follow reasonable procedures to assure the maximum possible accuracy of information it maintained concerning Plaintiff and Class Members.

45.     Defendant failed to adopt, maintain and follow reasonable procedures to assure the maximum possible accuracy of information it maintained concerning Plaintiff and Class Members.

46.     Defendant's failure to follow reasonable procedures to assure the maximum possible accuracy of information it maintained concerning Plaintiff and Class Members was willful.

47.     Defendant was required to follow the procedures set forth by 15 U.S.C. § 1681i when consumers dispute the accuracy of information contained in their files maintained by Defendant.

48.     Defendant failed to follow the procedures required by FCRA when consumers dispute the accuracy of information contained in their files maintained by Defendant.

49.     Defendant's failure to follow the procedures required by FCRA when consumers dispute the accuracy of information contained in their files maintained by Defendant was willful.

50.     Defendant is required under the FCRA to maintain a streamlined process for consumers to request free annual file disclosures as set forth in 16 C.F.R. § 610.3.

51.     Defendant failed to maintain a streamlined process for consumers to request free annual file disclosures.

52.     Defendant's failure to maintain a streamlined process for consumers to request free annual file disclosures was willful.

53.     As a direct and proximate cause of Defendant's willful violations of FCRA, Plaintiff and Class Members have suffered damages, including but not limited to damages caused by their inability to purchase goods or services for which their checks were declined and damages caused as a result of tendering an alternative form of payment. Plaintiff and Class Members are entitled to compensation for their damages as described above, or statutory damages of not less than $100 and not more than $1,000 for Plaintiff and each Class Member, punitive damages in an amount to be established by the Court and attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a).

### COUNT III - VIOLATION OF FDUTPA
### (on behalf of the Subclass)

54.     Plaintiff asserts this claim on behalf of himself and the Subclass.

55.     Plaintiff reincorporates Paragraphs 1 through 31 as if fully set forth herein.

56.     The Florida Deceptive and Unfair Trade Practices Act (hereinafter "FDUTPA") is expressly intended to protect "consumers" like Plaintiff and Subclass Members from unfair or deceptive trade practices.

57.     Defendant is a "person" within the meaning of the FDUTPA and, at all pertinent times, was subject to the requirements and proscriptions of the FDUTPA with respect to all of their business and trade practices described herein.

58.     Plaintiff and Subclass Members are "consumers" "likely to be damaged" by Defendant's deceptive trade practices.

59.     Defendant engaged in unfair and deceptive trade practices by holding itself out to merchants as a reliable check authorization company while failing to follow reasonable procedures to assure the maximum possible accuracy of information it maintained concerning Plaintiff and Subclass Members.

60.     Defendant violated FDUTPA by failing to follow reasonable procedures to assure the maximum possible accuracy of information it maintained concerning Plaintiff and Subclass Members

61.     Plaintiff and Class Members have suffered ascertainable losses as a direct result of Defendant's employment of unconscionable acts or practices, and unfair or deceptive acts or practices.

62.     Under FDUTPA, Plaintiff and the Subclass are entitled to preliminary and permanent injunctive relief without proof of monetary damage, loss of profits, or intent to deceive.  Plaintiff and the Subclass seek equitable relief and to enjoin Defendant on terms that the Court considers appropriate.

63.     Defendant's conduct caused and continues to cause substantial injury to Plaintiff and Subclass Members.  Unless preliminary and permanent injunctive relief is granted, Plaintiff and the Subclass will suffer harm, Plaintiff and the Subclass Members do not have an adequate remedy at law, and the balance of the equities weighs in favor of Plaintiff and the Class and Subclass.

64.     At all material times, Defendant's deceptive trade practices are willful within the meaning of FDUTPA and, accordingly, Plaintiff and the Subclass are entitled to an award of attorneys' fees, costs and other recoverable expenses of litigation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and members of the Class, respectfully requests that this Court:

A.  determine that the claims alleged herein may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and issue an order certifying one or more Classes as defined above;

B.  appoint Plaintiffs as the representatives of the Class and their counsel as Class counsel;

C.  award all actual, general, special, incidental, statutory, equitable, punitive, and consequential damages and restitution to which Plaintiffs and the Class members are entitled;

D.  award pre-judgment and post-judgment interest on such monetary relief;

E.  grant appropriate injunctive and/or declaratory relief, including, without limitation, an order that requires Defendant Certegy to (i) implement reasonable procedures to assure the maximum possible accuracy of information it maintained concerning Plaintiffs and Subclass Members; (ii) to implement procedures that are compliant with FCRA requirements involving consumers disputes about the accuracy of

information contained in their files maintained by Defendant; and (iii) to implement procedures that are compliant with FCRA requirements to maintain a streamlined process for consumers to request free annual file disclosures as set forth in 16 C.F.R. § 610.3

F.   award reasonable attorneys' fees and costs; and

G.  grant such further relief that this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

By: /s/ *Steven W. Teppler*

STEVEN W. TEPPLER, ESQUIRE
FBN: 14787
E-mail: steppler@abbottlawpa.com
**ABBOTT LAW GROUP, P.A.**
2929 Plummer Cove Road
Jacksonville, FL 32223
Telephone: (904) 292-1111
Facsimile: (904) 292-1220

JOHN A. YANCHUNIS, ESQUIRE*
FBN: 0324681
jyanchunis@forthepeople.com
MARCIO W. VALLADARES, ESQUIRE*
FBN: 986917
mvalladares@forthepeople.com
PATRICK A. BARTHLE, ESQUIRE*
FBN: 99286
pbarthle@forthepeople.com
MORGAN & MORGAN
COMPLEX LITIGATION GROUP

201 North Franklin Street, 7th Floor
Tampa, Florida  33602
(813) 223-5505 Telephone
(813) 223-5402 Facsimile
*pro hac vice application to be filed*